```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


NOE WOODBURCK,                       :
                                     :    Civil Action No. 05-5563(WJM)
            Petitioner,              :
                                     :
      v.                             :    OPINION
                                     :
STATE OF NEW JERSEY, et al.,         :
                                     :
            Respondents.             :
```

**APPEARANCES:**

    NOE WOODBURCK, Petitioner <u>pro se</u>
    # 148475
    Dorm 19-49
    P.O. Box 5107
    Union Springs, AL 36089-5107

**MARTINI**, District Judge

    This matter is before the Court on petitioner Noe Woodburck's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed.

I.  <u>BACKGROUND</u>

    Petitioner, Noe Woodburck ("Woodburck"), is presently confined at a state correctional facility in Union Springs, Alabama. At the time he filed this habeas petition, Woodburck was no longer in the custody of the State of New Jersey pursuant to the New Jersey state court conviction that he challenges in his habeas petition.

    Woodburck filed this petition on or about November 24, 2005, while he was confined at the Bullock County Correctional Facility

in Union Springs, Alabama.  He challenges a November 29, 2001 conviction in the Irvington Municipal Court for disorderly conduct and harassment.  He was sentenced by the state court to 60 days jail time.  Woodburck claims to have appealed this conviction to the New Jersey Appellate Division, and the appeal was later dismissed on or about April 29, 2005.

On January 13, 2006, this Court issued an Order to Show Cause directing the petitioner to show cause in writing why his petition should not be dismissed for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  Woodburck replied on January 27, 2006.  Woodburck's response failed to provide any factual or legal basis that would meet the "in custody" requirement.

II.   STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Woodburck brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be

2

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.  ANALYSIS

Woodburck brings his action under 28 U.S.C. § 2254.  Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be **in custody** under the conviction he is attacking when the petition is **filed**, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme

Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied. Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[1]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Woodburck had fully expired before he filed for federal habeas relief. Thus, he is not entitled to

---

[1] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).  However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136 (D.N.J. 2001).  Consequently, the Court cannot construe Woodburck's petition as a writ of *error coram nobis*.  Instead, petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of *error coram nobis,* or a petition for post conviction relief, in the state court where he was convicted.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). No certificate of appealability will issue. An appropriate Order accompanies this Opinion.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated: 3/22/06